## STATE V. FORD.

1. Comp. Laws. § 7295, provides that the court on the hearing of a demurrer must give judgment either sustaining or overruling it, and enter an order to that effect. At the close of arguments on a demurrer to an indictment the state was permitted to withdraw the indictment, and present the matter to the grand jury anew, and defendant was ordered to appear and answer any new indictment. The minutes of the court were silent as to the disposition of the demurrer. Held, that, in the absence of any showing that defendant was prejudiced thereby, a second indictment would not be quashed for the court's failure to comply strictly with the statute.

2. Intoxication is no defense to an indictment for burglary, if the accused had enough control of his faculties to know right from wrong.
   HANEY, P. J., dissenting.

(Opinion filed Oct. 7, 1902.)

Error to circuit court, Miner county; Hon FRANK B. SMITH, Judge.

John Ford was convicted of burglary, and appeals. Affirmed.

The facts are stated in the opinion.

*L. J. Martin* and *T. H. Null,* for plaintiff in error.

*A. W. Burtt,* Atty. Gen., and *A. E. Chamberlain,* State's Atty., for the State.

FULLER, J. To an indictment returned on the 14th day of January, 1902, by which it was sought to accuse plaintiff in error with the crime of burglary, a demurrer was interposed on the ground that no public offense was charged, and at the conclusion of the argument counsel for the state was permitted to withdraw the indictment, and again present the case to the grand jury by which it was found. When the accused was

called upon to plead to the second indictment for burglary, his counsel moved to quash the same for the reason that the former indictment, as well as the demurrer thereto, were still pending, and the order resubmitting the matter to the grand jury was unauthorized and void. The minutes of the trial relative to the matter and as made by the court at the conclusion of the argument of the demurrer are as follows: "In the case of State against John Ford, upon application of the state's attorney, he is permitted to withdraw the indictment, and present the matter to the grand jury de novo, and the defendant is ordered to appear and answer any indictment that may be found against him." As section 7295 of the Compiled Laws provides that, "upon considering the demurrer, the court must give judgment either sustaining or overruling it, and an order to that effect must be entered upon the minutes," it is, in effect, contended that jurisdiction was lost by the failure of the court to enter a formal judgment sustaining the demurrer before resubmitting the case to the grand jury. The prosecution, by asking and obtaining leave to withdraw its indictment, practically conceded that no jeopardy had yet attached to the accused, and the entry made in the minutes of the court has the legal force of a confessed judgment. In the absence of any delay or claim of prejudice on the part of the prisoner by reason of this failure to comply strictly with the terms of the statute, we consider the exception technical, and justify the action of the trial court in remanding the case to the grand jury.

As charged in the indictment, the undisputed evidence shows that in the nighttime the accused broke and entered a poultry house belonging to and situated on the premises of the

prosecuting witness, and was there discovered in the act of taking chickens from the roost and placing them in a grain sack which he then held. As bearing on the question of motive, and to negative the general presumption that he who breaks and enters a building and steals property intends burglary, testimony was admitted tending to show that the accused at the time of committing the act was so intoxicated as to be incapable of forming an intent, and the following instruction relative thereto is assigned as error: "Now, in order to render such defense available, the intoxication must be so great and so complete that the defendant was at the time of committing the act, if he committed any criminal act, incapable of knowing right from wrong, and incapable of forming and entertaining an intent to steal. If he had enough control of his mental faculties, notwithstanding his intoxication, to know right from wrong, or to form or entertain an intent to steal, his intoxication would not excuse him from the ordinary and usual presumption that is attached to the acts and conduct of sober men, even though he may have been emboldened and excited and stimulated by the use of intoxicating liquors." Knowledge of the nature of an act, whether right or wrong, comprehends ability to form an intent. Therefore, if the accused was not by voluntary intoxication deprived of the capacity to distinguish between right and wrong, he was capable of forming an intent to commit the crime charged, and the instruction is not erroneous. In the case of People v. Leonardi, 143 N. Y. 360, 38 N. E. 372, that court, speaking through Mr. Justice PECKHAM, thus commends a similar instruction: "The judge charged upon the defense of insanity that, if the defense had intelligence enough to know right from wrong as to the

character of the act which he committed—knew that it was wrong—he was responsible; but if he were bereft of reason, intelligence, sense, and judgment, and acted without knowledge or intent as to the result of his acts, he was an irresponsible person. No criticism can be passed upon this portion of the charge." While section 6216 of the Compiled Laws prohibits the use of such testimony to justify or excuse crime, it may be considered, in cases like the present, where motive is an essential element, in determining the purpose or intent with which the act is committed. Finding the entire charge clearly within the law of the case, and no error in the record, the sentence of the accused to two years and three months in the penitentiary cannot be disturbed, and the judgment of the circuit is affirmed.

HANEY, P. J., dissenting.